RUST ET, PLAINTIFFS-APPELLANTS, *v.* REEHER ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Trumbull County.

No. 1549. Decided June 19, 1963.

478

*Mr. James E. Hoffman, Jr.*, for plaintiffs-appellants.
*Mr. Charles F. Atkinson*, for defendants-appellees.

FRANCE, J.   This appeal on questions of law only is from decree of the Common Pleas Court, Trumbull County, allowing defendants to operate a sanitary landfill on certain premises in Brookfield Township, finding no nuisance therein and denying plaintiffs' petition for injunction.

Plaintiffs' claims, as made to the trial court, were:—

1. That the operation fostered the breeding of rats.

2. That water flowing through previously uncompacted garbage and trash caused pollution of Yankee Run, the main watercourse in the area.

3. That water draining through such garbage and trash would enter into abandoned coal mine tunnels and thence into domestic deep well water fields, thus polluting the neighbors' drinking water.

4. That the only access to the property for heavy garbage trucks was over township roads with light bases and restricted load limits and that such traffic would destroy the roads.

Three errors are assigned: that the trial court erred in failing to rule on the existence of an anticipatory nuisance; that it erred in rendering decision for defendants; and for errors of law in admitting certain evidence at trial.

As to the first assignment we think both trial judge's opinion which makes certain findings and the findings embodied in the decree are adequate. The judge found no nuisance existed at the time of trial although the operation had started, and also found that the projected operation should not be enjoined. While no court can successfully peer into the remote future, it necessarily found in this case that no nuisance was likely to result from the operation in the immediate future else it would have granted the injunction. Plaintiffs made no timely request for findings of fact and conclusions of law and are in no position to complain that the conclusions are not detailed. The first assignment is not well made.

We treat the second assignment as one that the decree is contrary to law or against the manifest weight of the evidence and find it not well made on either ground. Plaintiff established that when loose garbage was formerly dumped in a ravine uncompacted, rats flourished, but when even partial dirt cover was provided and rat control measures undertaken by the landowner the rat population quickly subsided and was no longer a menace or nuisance. As to pollution of surface water supplies there was simply no credible evidence that it had occurred in the past under uncontrolled surface dumping, much less that it could be expected when the garbage was compacted and covered as under the projected operation. Possible well pollution through the tunnels of abandoned coal mines in the past was never substantiated and the few predictions as to the *possibility* of future contamination appear to have been founded on emotion rather than scientific analysis.

Much testimony was devoted to the effects of heavy garbage trucks on township roads as well as to the contributions of residents for blacktopping or seal coating the road in question. It appears to be plaintiffs' contention that as property owners they have the right to dictate the types and kinds of traffic using the roads on which they abut. Such is not the case. Their rights as owners are subject to the easement of

480

public travel. The type, class and weight of vehicles using the road is subject to reasonable regulation by public authority, not the landowner, nor does he have the right of self-help in enforcing applicable regulations. This is a matter for action by township officials, not for private injunction, and if the trustees elect to modify weight limits (which by approval of the contract in question they may constructively have done) the landowner's remedy is at the ballot box, not in the courts.

The third assignment is grounded in the trial judge's permitting one Volney Baldwin, an employee of the Trumbull County Board of Health for over twenty years, and with some experience and study of the problems in question, to testify as an expert. Granted that advanced academic degrees are a sine qua non to expertness in certain fields we are unconvinced that garbage and trash disposal is one of them, and the witness' lack of formal degree and formal training did not disqualify him.

Finally it is urged that a round table discussion in chambers was conducted by the judge with the Board of Township Trustees during a recess of the trial, with the objective of finding a solution to the problem, and that such discussion off the record had great bearing on the result of the trial. Such methods in trying lawsuits are highly improper and where they do, or even might, affect its outcome they are grounds for reversal. But on the whole record in this case such a conference could not have had any effect prejudicial to plaintiffs, for there was insufficient evidence to warrant a finding for them in any event. We therefore find the conference not prejudicial in this particular case.

The judgment of the Common Pleas Court is affirmed.

Brown, P. J., concurs.